# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 99-675V

(Filed: 06/27/2013)

**TO BE PUBLISHED**[1]

**FILED**

JUN 2 7 2013

U.S. COURT OF
FEDERAL CLAIMS

```
*******************************
JAMES L BROOKS JR., and          *
ELLEN M. AVERY, co-administrators *
of the estate of,                *
Sean Austin Brooks, deceased,    *     Vaccine Act Attorneys' Fees.
                                 *     Reasonable Basis for Claim.
            Petitioners,         *
                                 *
                                 *
v.                               *
                                 *
                                 *
SECRETATRY OF HEALTH AND         *
HUMAN SERVICES,                  *
                                 *
            Respondent.          *
************************************
```

## DECISION AWARDING ATTORNEYS' FEES AND COSTS

**HASTINGS,** *Special Master.*

In this case under the National Vaccine Injury Compensation Program (hereinafter "the Program"), James L. Brooks Jr. and Ellen M. Avery ("Petitioners") seek, pursuant to 42 U.S.C. § 300aa-15(e),[2] an award for attorneys' fees and litigation costs incurred in the course of

---

[1] Because I have designated this document to be published, this document will be made available to the public unless petitioner files, within fourteen days, an objection to the disclosure of any material in this decision that would constitute "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." See 42 U.S.C. § 300aa-12(d) (4) (B); Vaccine Rule 18(b).

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006). Hereinafter, for ease of citation, all § references will be to 42 U.S.C. (2006).

1

Petitioners' attempt to obtain Program compensation.[3]  After careful consideration, I have determined to grant the request, for the reasons set forth below.

## I

## PROCEDURAL BACKGROUND

The Petitioner, James L. Brooks Jr., filed this petition on August 6, 1999, alleging that his son, Sean Austin Brooks, was injured by a hepatitis B vaccination, which resulted in his death. (Pet. at 1.)  James L. Brooks Jr. filed the petition alone, but Ellen M. (Cooey) Avery was later added to the caption as a co-administrator of the estate of Sean Austin Brooks.  (Order, ECF No. 112.)  On March 8, 2000, the Secretary of Health and Human Services ("Respondent") filed a document opposing the petition for compensation.  (Report, ECF No. 11.)

On February 13, 2012, Petitioners filed an initial application seeking $38,123.50 for *interim* attorneys' fees and costs.  (Hereinafter "Pet. App.")  Respondent filed an "Opposition" to Petitioners' initial application on March 1, 2012 (hereinafter "Opp."), and Petitioners filed a response to the Respondent's opposition on March 19, 2012 (hereinafter "Reply").  Subsequently, Petitioners filed a second application for fees and costs on August 7, 2012, seeking another $4,120.99 (hereinafter "Pet. Final").  Respondent filed an Opposition to Petitioners' second application on August 23, 2012.

Before the petition was filed, Petitioner had retained Thaddeus B. Hodgdon to represent him in this case.  However, by the time the petition was filed, Petitioner was represented by Ronald C. Homer of the Conway, Homer, & Chin-Caplan ("CHC") law firm.  This case was originally assigned to Chief Special Master Golkiewicz.  It was reassigned to Special Master Abell, Chief Special Master Lord, and Chief Special Master Campbell-Smith in succession.  This case was reassigned to my docket on March 8, 2013.  (Order, ECF No. 139.)

While the two "interim" fee applications were pending, Chief Special Master Campbell-Smith dismissed the petition for insufficient proof and failure to prosecute.  (Decision, ECF No. 135.)  Judgment in accord with that Decision was entered on February 19, 2012.  (ECF No. 138.)

## II

## LEGAL STANDARD FOR AWARDING ATTORNEYS' FEES AND COSTS

Special masters have the authority to award "reasonable" attorneys' fees and litigation costs in Vaccine Act cases.  § 300aa-15(e) (1).  This also applies when a petitioner is unsuccessful on the merits of the case, if the petition was filed in good faith and with a reasonable basis.  *Id.*  "The determination of the amount of reasonable attorneys' fees and costs is within the special master's discretion."  *Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1520 (Fed. Cir. 1993); see also *Shaw v. Sec'y of HHS*, 609 F.3d 1372, 1377 (Fed. Cir. 2010).

---

[3] Petitioners filed an initial application, entitled "Petitioners' Interim Application for Final Attorneys' Fees and Costs," on February 13, 2012, and a second application, entitled "Petitioners' Application for Final Attorneys' Fees and Costs," on August 7, 2012.

2

Further, as to all aspects of a claim for attorneys' fees and costs, the burden is on the *petitioner* to demonstrate that the attorneys' fees claimed are "reasonable." *Sabella v. Sec'y of HHS*, 86 Fed. Cl. 201, at 215 (Fed. Cl. 2009); *Hensley v. Eckerhart*, 461 U.S. 424, at 437 (1983); *Rupert v. Sec'y of HHS*, 52 Fed.Cl. 684, at 686 (2002); *Wilcox v. Sec'y of HHS*, No. 90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997). The petitioners' burden of proof to demonstrate "reasonableness" applies equally to *costs* as well as attorneys' fees. *Perreira v. Sec'y of HHS*, 27 Fed.Cl. 29, 34 (1992); *aff'd* 33 F.3d 1375 (Fed. Cir. 1994).

One test of the "reasonableness" of a fee or cost item is whether a hypothetical petitioner, one who had to use his own resources to pay his attorney for Vaccine Act representation, would be willing to pay for such expenditure. *Riggins v. Sec'y of HHS*, No. 99-382V, 2009 WL 3319818, at *3 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd by unpublished order* (Fed. Cl. Dec, 19, 2009), *affirmed*, 40 Fed. Appx. 479 (Fed. Cir. 2011); *Sabella v. Sec'y of HHS*, No. 02-1627V, 2008 WL 4426040, at *28 (Fed. Cl. Spec. Mstr. Aug. 29, 2008), *aff'd in part and rev'd in part*, 86 Fed. Cl. 201 (2009). In this regard, the United States Court of Appeals for the Federal Circuit has noted that:

> [i]n the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

*Saxton*, 3 F.3d at 1521 (emphasis in original), quoting *Hensley*, 461 U.S. at 433-34. Therefore, in assessing the number of hours reasonably expended by an attorney, the court must exclude those "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours for his fee submission." *Hensley*, 461 U.S. at 434; see also *Riggins*, 2009 WL 3319818, at *4.

### III

### SOME OF RESPONDENT'S ARGUMENTS HAVE BECOME MOOT

When Petitioners filed their applications for attorneys' fees and costs, the petition for compensation was still pending. Therefore, the applications were for "interim fees." (*See Avera v. HHS*, 515 F.3d 1343, 1352 (2008)). However, since then, as noted above, the petition was dismissed and judgment has been entered on that dismissal. Therefore, sections II-A and II-B of Respondent's argument against the applications, contained at pp. 3-9 of Respondent's Response to Petitioner's Interim Application, and pp. 3-4 of Respondent's Response to Petitioner's Final Application, have become moot.

Two of Respondent's arguments remain for consideration. First, Respondent argues that fees and costs requested by Petitioners' former counsel, Thaddeus B. Hodgdon, are unjustified, because they are redundant and did not lead to a "material advancement of this case." (Opp. at 9-10). Second, Respondent argues that Petitioners failed to explain the necessity of the payment to Dr. Kinsbourne, an expert obtained by Mr. Hodgdon. (Resp. at 10).

## IV

## FORMER ATTORNEY ISSUE

I have carefully considered Respondent's argument concerning the services performed by former counsel, Thaddeus B. Hodgdon, but I did not find it to be persuasive.

Respondent asserts that Attorney Hodgdon's fees were unjustified because his work was "redundant of work performed by current counsel." (Opp. at 9.) However, Respondent did not explain what work was redundant or give reasoning for this assertion. Additionally, Respondent did not claim that the payment was not acceptable as a matter of law. After reviewing the billing statements, I conclude that the former counsel's work likely was not redundant.

## V

## EXPERT ISSUE

Respondent also challenged the cost of Dr. Kinsbourne, an expert retained by attorney Hodgdon. While Attorney Hodgdon was exploring the potential claim, he engaged Dr. Kinsbourne, but Dr. Kinsbourne's fee was paid directly by the Petitioners themselves. It is reasonable to retain an expert while investigating a claim. In my view, Dr. Kinsbourne is a qualified expert and he has appeared as an expert in many cases before the Court. Therefore, I conclude that Dr. Kinsbourne's cost was reasonable.

## VI

## CONCLUSION

For the reasons set forth above, I award Petitioners $38,123.50 in fees and costs for their first application, plus $4,120.99 for their second application.[4] The total awarded is $42,244.49 and shall be made in the form of a check payable to Petitioners and Petitioners' former counsel, Thaddeus B. Hodgdon and Ronald Homer.

George L. Hastings, Jr.
Special Master

---

[4] After reviewing the two applications for fees and costs, the amounts requested appear to be reasonable.